# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:05-CR-10-TLS |
| | ) | |
| JAMES N. GROOMS | ) | |

## OPINION AND ORDER

This matter is before the Court on attorney Thomas N. O'Malley's Motion to Withdraw as Court Appointed Counsel [ECF No. 53], filed on October 12, 2012. On August 1, 2011, the Defendant filed a Letter [ECF No. 39] with the Court requesting that the Court appoint him counsel to petition the Court for re-sentencing under the retroactive application of the Fair Sentencing Act. This Court filed an Order [ECF No. 43] on November 1, 2011, granting the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines. The Court's Order directed the Defendant, his counsel, the Government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to Guideline §1B1.10, as amended effective November 1, 2011.

The Defendant was originally sentenced on September 19, 2005. He was sentenced to 140 months imprisonment on his conviction of a drug related offense in violation of 21 U.S.C. § 841(a)(1), which was to run consecutively to his conviction of a gun related offense in violation of 18 U.S.C. § 924(c). The Defendant was resentenced on May 21, 2008, to 120 months imprisonment on Count 2, which was the low end of the Guideline range and the statutory mandatory minimum. In connection with the possible resentencing of the Defendant pursuant to the Sentencing Guidelines effective November 1, 2011, the Court granted the Defendant's

request to stay proceedings until a higher court determined whether the new mandatory minimum sentence would apply retroactively to cases such as the Defendant's. On October 12, 2012, Attorney O' Malley filed a Notice [ECF No. 52] with the Court, advising that the Supreme Court, in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), held that the Fair Sentencing Act of 2010 is applicable to defendants who were sentenced after August 3, 2010, (the effective date of the FSA), even when the conduct pre-dated August 3, 2010. Accordingly, the decision did not address those, like the Defendant, who committed their offense before August 3, 2010, and who were sentenced before that date. Therefore, pursuant to U.S.S.G. § 5G1.1(b) and 21 U.S.C. § 841(b)(1) the Defendant's statutory mandatory minimum sentence on Count II remains at 120 months and Defendant's statutory mandatory minimum sentence on Count III remains at 60 months consecutive to Count II.

Pursuant to the Court's Order appointing counsel, if counsel moves to withdraw, "[t]he Defendant then has thirty (30) days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for reduction of sentence. The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." The Defendant has not filed a response to counsel's Motion or filed his own motion requesting a sentence reduction.

The Court agrees with Attorney O'Malley's assessment, and finds that the Defendant does not qualify for a sentence reduction pursuant to 18 § U.S.C. § 3582(c)(2) and/or 28 U.S.C. § 2255 based upon the Fair Sentencing Act of 2010, even in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012), because he committed his offense and was sentenced before August 3, 2010.

For the reasons stated above and stated in the Notice [ECF No. 52], the Motion to Withdraw [ECF No. 53], and the Addendum to the Presentence Report [ECF No. 47], the Court

finds that the Defendant is not entitled to a reduction in his sentence. The Court being duly advised GRANTS the Motion to Withdraw [ECF No. 53]. The previous Motion to Withdraw [ECF No. 46] is RENDERED MOOT.

SO ORDERED on November 28, 2012.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION